[Civ. No. 3801. First Appellate District, Division One.—June 2, 1921.]

In the Matter of the Accusation of BAR ASSOCIATION OF SAN FRANCISCO, Applicant, v. HEIM GOLDMAN, Accused.

[1] ATTORNEY AT LAW—DISBARMENT—PROOF.—A proceeding for the removal and disbarment of an attorney is *quasi*-criminal in its nature; and an attorney should not be disbarred on testimony of a doubtful character, but the charge should be clearly sustained by convincing proof, which proof must satisfy a court with reasonable certainty, and any doubt arising should be resolved in favor of the accused.

APPLICATION for the disbarment of an attorney at law. Dismissed.

The facts are stated in the opinion of the court.

Edwin L. Forster and Franklin T. Poore for Applicant.

Vincent Surr and Douglas A. Nye for Accused.

THE COURT.—This is an application by the Bar Association of San Francisco to remove and disbar defendant as an attorney and counsel at law. Two charges are contained in the accusation: (1) Moral turpitude of the accused in filing with the Industrial Accident Commission a document purporting to be a satisfaction and release in full of an award made by such commission, together with a demand for entry of such satisfaction thereon, whereas said award was not satisfied in full but only a part paid thereon; (2) moral turpitude of the accused in testifying under oath before said commission as having paid the award in full, whereas he only paid a part thereof.

The facts giving rise to the accusation may be summarized as follows: On the seventeenth day of January, 1917, one P. J. Healy, a carpenter, was working on a building owned by I. Goldman, the father of the accused, and during the course of such employment Healy claimed that he sustained certain injuries to his knee. Demand was made by Healy upon Goldman for damages, whereupon Goldman in settle-

ment of the claim paid the·hospital and other expenses incurred by Healy together with certain sums of money amounting in all to over $300. Notwithstanding this settlement Healy thereafter made further demands upon Goldman, who agreed to pay some further sum, but before the matter could be adjusted Healy filed with the Industrial Accident Commission his written claim for compensation for the injuries alleged to have been received. The accused filed an answer on behalf of his father, and thereafter represented him throughout the proceedings before said commission. Healy recovered an award in the sum of $1,290, less the sum of $203, that Goldman was given credit for, leaving a balance of $1,087. Thereafter and upon receiving information from Healy's physician and nurse that the injury complained of had not been suffered by Healy upon the occasion claimed, but at some previous time, Goldman filed a petition for rehearing before the commission. The petition was granted, but the commission upon rehearing refused to disturb the original finding. Thereafter and upon the conclusion of the case before the commission the accused, as attorney for his father, filed with the Industrial Accident Commission a written document signed by Healy entitled "satisfaction of judgment." It was recited therein that payment of the full sum of $1,087 had been made by I. Goldman to Healy in accordance with the award. Thereafter Healy filed an affidavit with the commission stating that he had in fact settled the case for $800 and had only received that sum instead of $1,087, the amount of the award, and that he had been advised by his attorneys not to regard the settlement as conclusive, and requested that the satisfaction be set aside. The commission set the matter for hearing, upon which occasion the accused testified that he had paid Healy the full sum of $1,087. The commission determined the question adversely to Goldman's contention, and in the exercise of the paternal supervision granted to it under the statute set the satisfaction of judgment aside and awarded Healy the further sum of $287.

The record in the case was thereafter transmitted to the grievance committee of the San Francisco Bar Association. Nothing was done by this committee for a considerable length of time until finally in 1920 the committee voted to recommend disbarment proceedings against the accused,

and accordingly this accusation was filed in February, 1921, containing the two charges hereinabove recited. Upon the hearing of the charges Healy, notwithstanding his verified acknowledgment that he had been paid the full amount of the award, again testified that the accused had only paid him $800, and that such payment was made in the presence of one C. C. Clark. The accused, to the contrary, testified positively that he paid the full amount of $1,087. There is, therefore, a direct conflict in the testimony of these parties which is impossible of reconciliation. Recourse must be had, therefore, to the other evidence for a possible solution of the issue.

It may be said at the outset that the testimony of the witness C. C. Clark is unreliable. It appears in evidence that his character was impeached upon the hearing before the Industrial Accident Commission. It was there testified to that he was a vendor of worthless stock and that his reputation for truth was bad. It here appears that he was an intermeddler, carrying tales between Goldman and Healy for the manifest purpose of stirring up strife and litigation between them in the hope of reward. The evidence shows that he sought sums of money from both sides to arbitrate their differences. It further shows that he informed Healy that the Goldmans had made threats against his life and would litigate the case for years unless he settled the same. On the other hand, he informed I. Goldman that Healy would have him indicted, and further that he would sue him for $50,000 and have his son disbarred unless he settled with Healy. These statements so far as the Goldmans were concerned were false. It further appears in evidence that Clark attempted to discourage a witness from testifying before the Industrial Accident Commission, informing such witness that the controversy was between a working man and a rich concern, and that his testimony should not for that reason be against Healy. Under these circumstances the testimony of this witness is certainly discredited. Nor is the testimony of Healy convincing or sufficient to overcome the sworn statement made by him that he received the full amount of the award. In relating the circumstances under which the payment was made both he and Clark testified to the same effect as to certain minor details, some of which were subsequently admitted

by Healy to be incorrect. This circumstance strongly in-
dicates a rehearsed story. In contrast to this evidence the
testimony of the accused is without contradiction, and is
supported by facts and circumstances and presents every
appearance of verity. The evidence shows that upon settling
the matter he accounted to his father, charging him with
the full amount of $1,087. The father testified that he
paid this full sum, and his testimony carries conviction.
In addition thereto a witness who saw the money paid tes-
tified that on that occasion the accused mentioned to Healy
the exact sum he was receiving, the amount being paid
in cash for the reason that Healy refused to take a check.

[1] We do not deem further discussion of the evidence
necessary. The fact that the Industrial Accident Commis-
sion refused to accept the statement of the accused as true is
not controlling here. A proceeding for disbarment is *quasi-*
criminal in its nature. An attorney should not be disbarred
on testimony of a doubtful character. The charges should
be clearly sustained by convincing proof, which proof must
satisfy a court with reasonable certainty, and any doubt
arising, as in the present case, should be resolved in favor
of the accused.

It might be said in conclusion that the highest evidence
as to the good moral character and reputation of accused
has been here presented, and he is entitled to the benefit
of this proof.

From what has been said it follows that the accusation
should be, and it is hereby, dismissed.